# EXHIBIT A

**LAW OFFICES OF SUSAN B. MCCREA**
24 Prospect St.
Westfield, NJ 07080
Phone:(908) 232-2122
Fax:  (908) 232-4351
Attorney ID#008581987

| | |
|---|---|
| SCOTT PHILLIPS, AS GUARDIAN AD LITEM, ON BEHALF OF S.P., B.P and K.P. AND SCOTT PHILLIPS<br><br>Plaintiffs<br><br>VS.<br><br>ARCHDIOCESE OF NEWARK, ST. THERESA SCHOOL, ST. THERESA CHURCH, CARDINAL JOSEPH TOBIN, MSGR. NYDEGGER, MARGARET DAMES, JOHN DOES 1-100,  JOHN DOE  CORPORATIONS 1-5,  JOSEPH BEJGROWICZ, JOSEPH CAPOROSO, HELENE GODIN, SR. JULIETT PEREZ, RICHARD DONOVAN,  ANH BUI, JAMES GOODNESS, ROBERT GRIMALDI, WANDA GRIMALDI, MATT POPOLA, LINDA KOSKI,  MAKAYLA KOSKI, MARY FERRIS,  AMBER PROTZ SIERANT,  CHERYL KREINBERG, JONATHON KREINBERG, PETER RUNFOLO, JOYCE RUNFOLO, RICH HARRINGTON, KELLY DONOVAN, JEANNIE PAVLIK, MATTHEW PAVLIK, JAMES PAVLIK, MARYANN GASPER, THERESA ADUBATO, HEATHER INGERSON, MARIA HARRIS, HEATHER ST JOHN, YANCY MUNOZ, KATHLEEN SPOONAUER, CELIA SOUSA, EILEEN KELLY-O'BRIEN, VICTORIA DEVLIN, ROSEMARY RUBSAM, ROSANELLY MONTALVO, GERRI COLON, LAURIE GRIMES, MICHELLE CERNADAS, JOSEPH KRATZER JR., NATALIE WOOD, PATRICIA LANDAU, AMY REITHEL, | **SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION, ESSEX COUNTY**<br><br>**CIVIL ACTION<br>COMPLAINT AND JURY DEMAND<br>ESX-L-** |

1

ANN FERRARI, CYNTHIA GAILLIOT,
BERADINE GILRAIN, BONNY
HOTRA, BLANCA PASTORE, IZAIDA
ROSA GARBANZO, JO RIVERA,
DENISE, RICHARD, JOSEPH,
JESSICA, NICHOLAS MIRABELLA,
JOCELYN EDRALIN, MANUEL
VAGUEIRO, KERRI KILLEN, JO ANN
NETTA, NANCY ZIMMERMAN,
MARIA STREKO, ROCIO
CORVALAN,  CHRISTINA
RESTUCCIA, MICHAEL DEVLIN,
GUILLERMO MUNOZ, DEBORAH
GIVENS/MATE, KAREN
ZIMMERMAN, JIM HANNON, ALICE
SCALA, EMILY VIDAL, MARY
GAINES, SUSAN GIORDINO,
ROSEANNE SCHUR, ANGELA
LOMBARDI, ROGER SCHUR,
MICHAEL MONTALVO, JEFF
FERRARI, WILLIAM GORSKI,
ROGER STRYESKI, THOMAS
BRACKEN, FRED SOOS, SUSAN
DOUGHERTY, MICHELE MILLER,
ANN MORTIMER ,TRISH RICKEN
PLUMMER, ANDREA ZAGORSKI
SCHUSTER, MARIA BUI, AMY ROSE,
KELLY ANN HARRIS,  PATRICIA
RIMILI BLICHARZ, "BCSH9094",
"STDA" AND "BEEZLEBROX"

Defendants

Plaintiffs, residing in the County of Union, State of New Jersey, allege:

## BACKGROUND

1.        Upon information and belief and at all times herein, Defendant ARCHDIOCESE

OF NEWARK (hereinafter ARCHDIOCESE) is a corporation organized and existing by

virtue of the laws of State of New Jersey and with its corporate offices located in Essex

2

County, NJ;

2.          Upon information and belief and at all times herein, Defendant ST. THERESA
SCHOOL (hereinafter STS) is a corporation organized and existing by virtue of the laws
of the State of New Jersey with its location in Kenilworth, NJ;

3.          Upon information and belief and at all times herein, Defendant ST. THERESA
CHURCH (hereinafter Church) is a corporation organized and existing by virtue of the
laws of the State of New Jersey with its location in Kenilworth, NJ;

4.          Upon information and belief and at all times herein, Defendant CARDINAL
JOSEPH TOBIN was and is the leader of the ARCHDIOCESE OF NEWARK
(hereinafter CARDINAL TOBIN);

5.          Upon information and belief and at all times herein, Defendant MSFR.
NYDEGGER was and is the Vicar General of the ARCHDIOCESE OF NEWARK;

6.          Upon information and belief and at all times herein, Defendant MARGARET
DAMES was and is the Superintendent of Schools of the ARCHDIOCESE OF
NEWARK;

7.          Upon information and belief and at all times herein, Defendant ANH BUI was the
Athletic Director at STS (hereinafter AD BUI);

8.          Upon information and belief and at all times herein, Defendant RICHARD
DONOVAN was the CYO Director for the Youth Basketball League at the Archdiocese
and the Director of Youth Ministry at STS (hereinafter CYO Director DONOVAN);

9.          Upon information and belief and at all times herein, Defendant JOSEPH
BEJGROWICZ was the Pastor of Defendant CHURCH (hereinafter PASTOR JOE) and
in charge of STS;

10.         Upon information and belief and at all times in the 2015-2016 academic school

3

year, Defendant HELENE GODIN (hereinafter SR. HELENE) was the Principal of STS;

11.     Upon information and belief and at all times in the 2016-2017 academic school year, Defendant JOSEPH CAPOROSO (hereinafter DEACON JOE) was the Principal of STS;

12.     Upon information and belief and at all times in the 2015-2016 academic school year, Defendant SR. JULIETT PEREZ (hereinafter SR. JULIETT) was S.P'S homeroom teacher at STS;

13.     Upon information and belief and at all times in the 2015-2017 academic school years, Defendant JAMES GOODNESS (hereinafter COMMUNICATONS DIRECTOR GOODNESS was the Communications Director for the Archdiocese;

## BULLYING, INTIMIDATION AND HARASSMENT

14.     Upon information and belief and at all times herein, Defendants PETER AND JOYCE RUNFULO were the parents of a 7th grade student in S.P.'s class;

15.     Upon information and belief and at all times herein, all DEFENDANTS listed in this caption (after Defendant AD BUI) have made false representations, disparaging remarks and/or have adopted the petition and the falsities contained therein about Plaintiffs, including the minor children;

16.     At all times herein, B.P., S.P. and K.P., minors, were students in good standing at STS, except the 2016-2017 School year as B.P. had already graduated in June 2016;

17.     Beginning in the Spring 2016 when S.P. was in 6th grade and 12 years old, S.P. made numerous reports to her homeroom teacher, Defendant, SR. JULIETT about inappropriate sexual and harassing behavior that were taking place in her classroom;

18.     When these Complaints were not properly addressed by Defendant, SR. JULIETT, S.P. made numerous requests to her to see Defendant SR. HELENE.  These

4

requests were denied by Defendant, SR. JULIETT;

19.    Finally, when S.P. was in another class, she and other students were permitted by another teacher to report these incidents to Defendant, SR. HELENE;

20.    Incidents continued to occur, S.P. continued to report them and was taunted, intimidated, harassed and bullied by various STS personnel and/or parents for doing so, including being demeaned for reporting such incidents;

21.    When these incidents were not properly addressed by STS, the minor Plaintiffs' parents, Plaintiffs SCOTT PHILLIPS and/or his wife, contacted STS on numerous occasions and met with STS personnel to no avail and specifically were concerned about Defendant SR. JULIETT'S repeated failure to address these reports by S.P. and her refusal to allow S.P. to report these disturbing and inappropriate incidents of sexual harassment to Defendant SR. HELENE;

22.    Defendants STS, CHURCH, SR. HELENE and/or FATHER JOSEPH BEJGROWICZ failed to properly address these incidents despite repeated requests;

23.    Shortly after these complaints were made by S.P.'S parents about Defendant, SR. JULIETT, B.P., who was an outstanding student at STS and who was in the running to be the Valedictorian, received a "subjective" grade from S.P.'s homeroom teacher, Defendant SR. JULIETT, which was by far the lowest grade he had ever received. Thereafter points on subjective parts of exams from Defendant SR. JULIETT were taken off, thereby affecting his grade and ultimately his final grade;

24.    This "subjective" grading was also brought to Defendant SR. HELENE'S attention and due to this issue, a request was made by Plaintiff SCOTT PHILLIPS for the computation information before the Valedictorian was announced. SR. HELENE said she would grant this request;

25.     Instead, SR. HELENE failed to honor this request and called Plaintiff SCOTT PHILLIPS after the results were announced to the entire STS student body.  B.P. was not the Valedictorian;

26.     When Plaintiff SCOTT PHILLIPS expressed dismay to SR. HELENE that she had not kept her word, she called the Police, who were waiting for him at STS when he arrived to pick up B.P., S.P. and K.P.;

27.     Plaintiff SCOTT PHILLIPS requested a meeting at STS and together with his wife, went to STS.  STS refused to give Plaintiffs any specific information despite the representation to the contrary and despite the fact that STS had disclosed valedictorian calculations requested by Plaintiffs to others in past years;

28.     Defendant ARCHDIOCESE, SR. HELENE, CHURCH and/or STS have refused to give Plaintiffs the valedictorian calculations before graduation and up until the present time;

29.     Despite repeated requests, both orally in meetings and in various subsequent correspondence to DEFENDANTS CARDINAL TOBIN, ARCHDIOCESE, STS, CHURCH, SR. HELENE, MARGARET DAMES, DEAON JOE AND PASTOR JOE during and/or after the end of the 2015-2016 academic year and continuing through the 2016-2017 academic year, these Defendants refused to properly investigate, failed to properly supervise, failed to address and were completely indifferent to S.P.'s reports and/or claims of sexual harassment, bullying, cyberbullying, taunting, discrimination and intimidation;

30.     This inappropriate behavior, harassment, taunting, discrimination and bullying continued into S.P.'s 7th grade year and S.P. and another student reported a threat of violence to the STS Principal, Defendant DEACON JOE, which included a threat to

6

bring a weapon to school and to stab S.P. with a knife and a picture with guns pointing to God;

31.     Upon information and belief, S.P. and this other student were not the only persons to report this threat to the STS Principal;

32.     Shortly thereafter, only S.P. and the other complaining student were excluded on STS property from a vehicle which was owned by the parents of the student, Defendants PETER AND JOYCE RUNFULO at a Halloween "trunk or treat" event at STS. S.P. was taunted and bullied by these parents on STS property;

33.     This incident was reported to Defendants PASTOR JOE and Principal, DEACON JOE by S.P.'s parents the next day;

34.     S.P continued to be victimized while Defendants STS, CHURCH, PASTOR JOE, DEACON JOE, MARGARET DAMES, CARDINAL TOBIN and/or the ARCHDIOCESE fail to stop the bullying, taunting, intimidation and harassment of S.P., fail to adhere to the provisions of the STS handbook and fail to stop the re-victimization;

**BASKETBALL**

35.     S.P. is also an outstanding athlete and has played Basketball and other sports at STS for years;

36.     Defendant STS offers Co-Ed Basketball clinics for students in 5th through 8th Grade and also has a Co-Ed Volleyball team upon which S.P. played;

37.     Defendant AD BUI improperly dismantled the Girls Varsity Team for the 2016-2017 season thereby resulting in discriminatory conduct against S.P.;

38.     Defendant AD BUI'S discriminatory conduct began in 2015;

39.     Since there was no Girls team for this season, S.P.'s mother after first making a request for time to assemble a Girls Team, made a request for her to play on the

comparable STS 7th grade Boys team to Defendants AD BUI and CYO Director DONOVAN;

40.     Defendant AD BUI has acted improperly, has sworn falsely and has acted improperly in refusing to allow S.P. to play on the 7th Grade STS Boys team and thereby wrongfully deprived S.P. from her legal right to play on the 2016-2017 STS Boys (hereinafter STS Boys Team);

41.     Both AD BUI and CYO Director DONOVAN denied these requests;

42.     Defendant CYO Director DONOVAN, who also had children enrolled at STS at the time, acted improperly, has sworn falsely in representing that no girls were permitted to play on boys' teams while knowing that other Girls were playing on boys' teams, refused to allow a STS Girls Varsity Team to assemble for the 2016-2017 season and wrongfully deprived S.P. from her legal right to play on the 2016-2017 STS Boys Team for the entire season, thereby resulting in discriminatory conduct against S.P.;

43.     Plaintiffs SCOTT PHILLIPS and/or his wife repeatedly contacted STS, THE ARCHDIOCESE and/or THE CHURCH to save the Girls Basketball team and thereafter to allow S.P. to play on the STS Boys Team;

44.     Plaintiffs repeatedly requested Defendants STS, ARCHDIOCESE and/or CHURCH investigate the basketball issue as well as all of the aforementioned conduct alleged. These Defendants and Defendant SR. HELENE in the 2015-2016 academic year refused to provide information, the proper contact person and/or to investigate;

45.     Defendants AD BUI and/or CYO Director DONOVAN claimed the Archdiocese CYO Rules prohibited S.P.'s play on the Boys team;

46.     Despite the fact that the Rules do not specifically exclude participation, Defendants AD BUI, CYO Director DONOVAN, ARCHDIOCESE, CHURCH and/or

STS refused to place S.P. on this team and returned her Registration Form, with Defendant A.D. BUI falsely certifying in Court documents later that this form was submitted after the deadline;

47.    There was no deadline on these Forms;

48.    Despite repeated requests for a specific Rule barring play by S.P. before the season began, none was provided by Defendants AD BUI, CYO Director DONOVAN, ARCHDIOCESE, CHURCH and/or STS;

49.    The Archdiocese CYO League rules state that play is governed by NJSIAA Rules, which specifically allow girls to play on boys' teams when no girls team exists;

50.    Defendants AD BUI and/or CYO Director DONOVAN provided false Certifications to the Court regarding team composition, co-ed teams in existence, roster additions, policy, procedure, rules and play, all to the detriment of S.P.;

51.    Defendant CYO Director DONOVAN after the request for S.P. to play basketball was made on November 1, 2016, sent correspondence to Defendant STS administrators, which included Defendant PASTOR JOE, DEACON JOE, SR. HELENE and Defendant ARCHDIOCESE Administrators, Defendant AD BUI and others about Plaintiff SCOTT PHILLIPS' wife, specifically stating:

**"Finally lol I just leave you with this…she likes to pull the "Catholic Card" at the end of her email.  Might I remind you all that Jesus also made a whip and chased people out of the temple and flipped tables in anger---all actions he felt justifiable (Emphasis supplied;**

52.    Those in authority from Defendants STS, CHURCH and/or ARCHDIOCESE directly received and later published this correspondence in papers filed with the Court, thereby condoning this expression of violence against a woman and failed to do anything to stop it;

53.    Instead, Defendants, STS, CHURCH, ARCHDIOCESE, AD BUI, CYO

DIRECTOR DONOVAN, PASTOR JOE, DEACON JOE, MARGARET DAMES, and JAMES GOODNESS, by their actions and as an institution, acted in concert to "whip and chase" Plaintiffs out of the STS by their bullying, harassing and intimidating behavior;

54.     Upon information and belief, Defendants ARCHDIOCESE, CHURCH AND STS accept Federal funding through the Elementary and Secondary Educational Act of 1965, 20 U.S.C Section 6301 et seq.;

55.     Despite certified representations from DEFENDANTS AD BUI, CYO Director DONOVAN, ARCHDIOCESE, CHURCH and/or STS that Girls were not permitted to play on boys' teams in the CYO league, it was discovered that at least two (2) Girls were playing and had been playing in this league and on CYO teams for years;

56.     Despite certified representations from Defendants AD BUI, CYO Director DONOVAN, ARCHDIOCESE, CHURCH and/or STS that all 1000 families who completed applications for the current basketball season in the CYO league fully complied with the Rules, it was discovered that at least two (2) applications were accepted from STS male students approximately two (2) weeks after S.P.'s application was rejected as a late filing;

57.     S.P. had the right to play for her School and was wrongfully deprived of the right to do so for the first 11 games of the 2016-2017 basketball season;

58.     Defendant RICHARD DONOVAN was aware that girls had been playing in the CYO league on Boys teams, yet certified to the Court that this never occurred and was not occurring;

59.     Defendants ARCHDIOCESE, CHURCH and/or STS, had the police present in their continuing effort to bully, harass, shame, intimidate, humiliate and embarrass Plaintiffs, with at least 3 Police Officers being present at each location of the only two

basketball games in which S.P. played, totaling at least 4 occasions wherein the police were called by Defendants;

60.      The first basketball game in which S.P. played took place on February 19, 2017 at Defendant STS;

61.      Also present at this game, in addition to the Police (including the Police Chief) was Defendant, MARGARET DAMES, the Superintendent of Schools for Defendant ARCHDIOCESE;

62.      In the hundreds of sporting events that Plaintiffs have attended, neither the Police Chief, nor any Police in their official capacity, nor Defendant, MARGARET DAMES has ever been present, nor have there been signs posted excluding any media which were placed at the entrances of STS for the February 19, 2017 game and again at the February 26, 2017 game at St. Joe's in Maplewood, NJ;

63.      An initial Verified Complaint was filed on December 2, 2016 in the Chancery Division, Essex County, with causes of action regarding basketball, bullying and harassment and valedictorian calculations;

64.      This Complaint did not seek money damages;

65.      The Amended Verified Complaint was filed on December 9, 2016;

66.      This Complaint also did not seek money damages;

**THE EXPULSION**

67.      Two months after the initial Verified Complaint was filed, on February 2, 2017 Defendants ARCHDIOCESE, CHURCH and/or STS wrongfully expelled S.P. and K.P., (who was not a named party at the time), from STS in retaliation for filing the Complaint;

68.      On February 2, 2017 while trying to enter STS to go to school, Plaintiffs SCOTT PHILLIPS and his wife, S.P. and K.P were met by Defendant, PASTOR JOE, DEACON

11

JOE, the Associate Pastor of the CHURCH, the STS Principal and 3 Police Officers, including the Kenilworth Police Chief, all who blocked their entrance;

69.     Although Plaintiffs, SCOTT PHILLIPS, his wife, S.P. AND K.P. were invited into STS with the children on February 2, 2017 by Defendant PASTOR JOE AND DEACON JOE to discuss this February 1, 2017 letter, Plaintiffs SCOTT PHILLIPS (who later left temporarily), his wife, S.P. and K.P. were guarded in the hallway by a Police Officer, in the public view of teachers, parents and students;

70.     After remaining in the hallway and being guarded for a significant period of time, Plaintiff's wife was escorted into Defendant DEACON JOE'S office by a Kenilworth Police Officer, and a statement, prepared by attorneys for Defendant ARCHDIOCESE was read to her advising that her children were expelled, and which threatened criminal charges which were later brought against her;

71.     This statement did not specify what charges would be brought, nor did it identify why S.P. and K.P. who were innocent of any wrongdoing, were being expelled, other than to reference the STS Handbook clause referenced in the February 1, 2017 letter;

72.     STS did not author the February 1, 2017 letter, nor the verbal statement, the attorneys for the ARCHDIOCESE did;

73.     No written notice of expulsion was ever given to Plaintiffs SCOTT PHILLIPS and/or his wife and/or S.P. and K.P. by Defendants;

74.     No correspondence from Defendants STS and/or CHURCH regarding an STS Handbook violation was ever received by Plaintiffs;

75.     Before this "expulsion" Defendant ARCHDIOCESE submitted a Certification to the Court, authorized by Msgr. Nydegger, dated December 19, 2016 which stated that Defendant ARCHDIOCESE "did not own, operate or control" STS.

12

76.     The only correspondence which referred to the STS Handbook before this expulsion took place was dated February 1, 2017 from Defendant ARCHDIOCESE and was sent to Plaintiffs' attorney after hours;

77.     The clause in the STS Handbook upon which Defendant ARCHDIOCESE relied in its February 1, 2017 correspondence does not mention the word expulsion;

78.     This clause is vague and violates public policy despite the fact there is no mention of expulsion;

79.     Defendant ARCHDIOCESE waited two months before verbally announcing this expulsion;

## CRIMINAL CHARGES, PRESS RELEASES AND PUBLIC INTIMIDATION MEETINGS WITH POLICE PRESENCE

80.     Defendant PASTOR JOE brought criminal charges for defiant trespass against Plaintiff's wife for being at Defendant STS on February 2, 2017 in retaliation for the lawsuit and despite the fact that she left the premises voluntarily in order to gain leverage in a civil lawsuit;

81.     Specifically, the attorney for Defendant, ARCHDIOCESE AND STS, stated on the record on July 20, 2017 in the criminal matter:

> **"...as a question of unilaterally dismissing this claim, this charge, the answer is no."**

82.     No criminal charges were brought by Plaintiff's wife against Defendant PASTOR JOE. The expulsion was later rescinded by Defendant CARDINAL TOBIN, but the criminal charges remained pending;

83.     Defendants ARCHDIOCESE, CHURCH and/or STS, and Communications Director JAMES GOODNESS published the expulsion of S.P. and K.P. by giving a Press Release to every STS student to take home at the end of the STS day on February 2,

13

2017;

84.     Additional Press Releases dated March 22, 2017, June 29, 2017, June 30, 2017 and August 14, 2017 were published by Defendant ARCHDIOCESE;

85.     These Press Releases were also published and remain on Defendant ARCHDIOCESE website and/or were at various times published in the newspaper, placed in STS student backpacks, were placed on STS Church walls and published in STS Church bulletins by Defendants;

86.     Plaintiffs, SCOTT PHILLIPS, and his wife, .B.P. and especially S.P. and K.P. had to regularly attend STS/Church functions, including serving mass as altar servers with a Press Release disparaging and humiliating their family on the CHURCH walls and in Church bulletins;

87.     All of the actions by Defendants ARCHDIOCESE, CHURCH, STS, SR. HELENE, DEACON JOE, MARGARET DAMES, JAMES GOODNESS, RICHARD DONOVAN, ANH BUI and/or PASTOR JOE as recited were done to intimidate, bully, harass, shame, humiliate and/or embarrass Plaintiffs and were retaliatory;

88.     On February 16, 2017, Defendant ARCHDIOCESE called a meeting of all parents of STS students at Defendant STS to discuss "issues" (the initial lawsuit) where the police were called for the second time by Defendants, once Plaintiff and his wife arrived, which specifically targeted Plaintiffs in a continued effort to intimidate, bully, harass, shame, humiliate and/or embarrass Plaintiffs by Defendants ARCHDIOCESE, CHURCH, STS, DEACON JOE, MARGARET DAMES and/or PASTOR JOE and in retaliation for the instant lawsuit;

89.     At this meeting and on other occasions since the inception of the lawsuit, Plaintiff SCOTT PHILLIPS and his wife learned that STS parents, STS faculty and others had

been publishing and posting false, misleading and derogatory comments on various social media sites, including Face Book about them, including the minor Plaintiffs;

90.     These published comments are defamatory and/or slanderous and are meant to disparage, intimidate, bully, shame, humiliate, embarrass and harass Plaintiffs;

91.     Many of these comments were given to Defendants STS, CARDINAL TOBIN, ARCHDIOCESE, DEACON JOE and/or CHURCH by Plaintiffs, his wife and other STS parents;

92.     Upon information and belief, Defendants, DEACON JOE, STS, ARCHDIOCESE, MARGARET DAMES, CARDINAL TOBIN, PASTOR JOE and/or CHURCH have failed to properly address these comments and/or posts in violation of the STS Handbook and these Defendants are aware that the Plaintiffs' minor children and other children have seen and are aware of these comments which have been widely distributed and disseminated;

93.     S.P. was called, among other things, a "monkey dick" and a POS (piece of shit) told to shut her "pie hole" in a public Face Book post between a STS faculty member, Defendant, MARY FERRIS and Defendant PATRICIA RIMILI BLICHARZ; See Facebook Post attached as Exhibit A.

94.     Defendants, JOYCE AND PETER RUNFULO and/or ROBERT AND WANDA GRIMALDI, who were parents of 7th grade boys in S.P.'s class and parents of the boys that S.P. had previously reported improper conduct, through Face Book posts and/or on STS property, bullied, harassed, intimidated and embarrassed S.P. and continue to do so even at High School open houses.  S.P. as only 12, 13 and 14 years old at the time these events occurred;

95.     The aforementioned conduct while S.P. was a student at STS was reported to STS,

PASTOR JOE, SR. HELENE and/or the ARCHDIOCESE, STS and DEACON JOE;

96.     Plaintiffs have been and continue to be bullied, harassed, shame, intimidated, humiliated and embarrassed continuously by Defendants ARCHDIOCESE, CHURCH and/or STS, STS faculty, STS parents, students, former students and others;

## THE PETITION USING THE STS LOGO

97.     On or about February 14, 2017, certain STS Parents and Students start on-line Petition against Plaintiffs, including the minor children, which uses the STS logo and contains false facts about Plaintiffs and which makes numerous disparaging remarks; See Petition without comments attached as Exhibit A.

98.     This Petition, among other things, states that S.P. is "jealous and intolerant";

99.     The Petition also states that it is supported by the STS faculty; Commenters and Supporters of this Petition have written false facts and commenters include the wife of the Police Chief and Policemen (and at least one spouse) who currently serve on the force and at least one commenter is a Police Officer who was called to STS for the basketball game;

100.    On February 21, 2017, these STS Parents and Students elected to "Keep this Going" (the Petition) and reference posts on NJ.com;

101.    There are numerous posts in the comments section to which these Petitioners refer on NJ.com and of which Plaintiff including the minor children are aware, wherein individuals using anonymous handles post repeated false facts and disparaging remarks about Plaintiffs, including the minor children all in the continued effort to bully, shame, harass, intimidate, humiliate and embarrass them;

102.    Upon information and belief, the anonymous posters STDA, BCBH0904 and BEEZLEBROX are associated with, are employees and/or parents of Defendants

ARCHDIOCESE, CHURCH and/or STS;

103.　　Defendants CARDINAL TOBIN, ARCHDIOCESE, CHURCH, DEACON JOE and/or STS all were made aware of this Petition, its false contents, the "Keep it Going" addition which reference comments on NJ.com and have not disavowed it, nor were those involved removed from STS;

104.　　This Petition with use of the STS logo, related comments and social media posts which are condoned and/or supported by Defendants CARDINAL TOBIN, DEACON JOE, ARCHDIOCESE, CHURCH and/or STS iN a continued effort to intimidate, bully, harass, shame, humiliate and/or embarrass Plaintiffs and is in retaliation for the instant lawsuit and is in direct violation of the STS Handbook;

105.　　Defendants, John Does 1-100, and John Doe Corporations 1-5 are fictitious names used for the purposes of pleading and are intended to represent any and all parties and/or individuals whose identities are presently unknown to Plaintiffs, who, together with the named Defendants, were responsible, in any way, for any of the aforementioned, including the names of the starters and/or supporters of this Petition who are not yet identified and social media posters whose exact identities of whom Plaintiffs are not aware, including the anonymous posters on NJ.com with the handles STDA, BCBH0904 and BEEZLEBROX;

### THE SECOND EXPULSION

106.　　On or about January 2017 after this lawsuit was pending, Plaintiffs were invited to return to STS and were given registration packets for the 2017-2018 school year;

107.　　On or about February 17, 2017, and after the expulsion was rescinded, the Court ruled that S.P. had the settled legal right to play basketball S.P.

108.　　On or about March 22, 2017, STS handed every student another Press Release

17

from the Defendant ARCHDIOCESE regarding the instant lawsuit;

109.    This Press Release was also published and remains on Defendant ARCHDIOCESE website and was done to intimidate, bully, harass, shame, humiliate and/or embarrass Plaintiffs and were retaliatory; ;

110.    Plaintiffs S.P. and K.P. registered for the 2017-2018 school year;

111.    The registration application was rejected by STS by letter dated April 7, 2017 and received by Plaintiff SCOTT PHILLIPS on April 11, 2017, stating, in pertinent part: "Your registration is being returned to you pursuant to the letter which you have received most recently by certified mail;'

112.    The letter in question, dated April 3, 2017 was sent by the ARCHDIOCESE, months after this lawsuit was pending and refers to the Mission Statement in the STS Handbook and states in pertinent part: "Actions and events initiated by you over the last several months have directly interfered with the fulfillment of this Mission, not only for St. Theresa's School, but also for many of its administration, staff, students, and parents;"

113.    No specific actions were described;

114.    The only actions taken by Plaintiffs were to file the instant lawsuit and amendments to same;

115.    These letters were sent by the ARCHDIOCESE after the Court ruled that S.P. had the settled legal right to play basketball and among other things after the Court ruled that this settled right arose under Title IX;

116.    This April letter from the ARCHDIOCESE letter is another form of expulsion for filing the instant lawsuit, which violates public policy despite the fact there is no mention of expulsion in this letter;

117.    S.P. and K.P. did not violate any provision in the STS Handbook;

18

Plaintiffs have been and continue to be bullied, harassed, shame, intimidated, humiliated and embarrassed continuously by Defendants ARCHDIOCESE, CHURCH and/or STS, STS faculty, STS parents, students, former students and others.

## COUNT ONE
### (VIOLATION OF TITLE IX, N.J.S.A. 10:5-1 et seq., etc.)

1. Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

2. Defendants ARCHDIOCESE, CHURCH and/or STS in refusing to allow S.P. to play basketball, have violated Title IX, 20 U.S.C. Sections 1681-1683 et seq. and the NJ Law against Discrimination, N.J.S.A. 10:5-1 et seq.,

3. Defendants ARCHDIOCESE, CHURCH and/or STS in refusing to allow S.P. return to STS for the 2017-2018 school year after the Court ruled that she had the settled right to play basketball, have continued to violate Title IX, 20 U.S.C. Sections 1681-1683 et seq.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants, including all reliefs requested, jointly and severally, including depriving of her legal right to play basketball, public correction of the facts, monetary damages, punitive damages, rescission of Federal funds, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT TWO
### (FAILURE TO REMEDY – BREACH OF CONTRACT)

4. Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

5. Defendants ARCHDIOCESE, CARDINAL TOBIN, CHURCH, SR. HELENE, DEACON JOE, MARGARET DAMES, PASTOR JOE and/or STS in refusing to properly

address the issues raised by Plaintiffs and by expelling S.P. and K.P. are in breach of contract and/or are in violation the provisions of the STS Handbook and have acted in bad faith.

6.      Defendants failed to stop and through their actions and inactions, escalated bullying toward S.P., including failing to discipline known harassers and failing to take any meaningful

7.      As a result, S.P. was deprived of access to educational benefits and opportunities STS provided and to which S.P. was entitled, including, but not limited to, the non-discriminatory environment free of harassment required by law.

8.      As a direct and proximate result of their action and inaction, including their deliberate indifference, S.P. suffered damages.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

<u>**COUNT THREE**</u>
**(NEW JERSEY ANTI-BULLYING BILL OF RIGHTS ACT)**

9.      Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

10.     Defendants ARCHDIOCESE, CARDINAL TOBIN, CHURCH, SR. HELENE, DEACON JOE, MARGARET DAMES, PASTOR JOE and/or STS in refusing to properly address the issues raised by Plaintiffs and by expelling S.P. and K.P. on two occasions and the remaining Defendants, including STS faculty, former students and parents in posting, commenting and drafting the aforementioned Petition are in violation of The New Jersey Anti-Bullying Bill of Rights Act, which includes Cyber Bullying, N.J.S.A. 18A:37-13 et seq. and/or are in breach of contract and/or in violation the provisions of the STS Handbook.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants, including all reliefs

20

requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, rescission of Federal funds, restraint from future posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT FOUR
### (GOOD FAITH AND FAIR DEALING)

11.    Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

12.    Defendants ARCHDIOCESE, CARDINAL TOBIN, CHURCH, SR. HELENE, DEACON JOE, MARGRET DAMES, PASTOR JOE and/or STS in refusing to properly address the issues raised by Plaintiffs and by expelling S.P. and K.P., and the remaining Defendants, including STS faculty, parents and former students in posting, commenting and/or drafting the aforementioned Petition are in violation of The New Jersey Anti-Bullying Bill of Rights Act, which includes Cyber Bullying, N.J.S.A. 18A:37-13 et seq. and/or are in breach of contract and/or in violation the provisions of the STS Handbook which includes breach of the duty of good faith and fair dealing.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, rescission of Federal funds, restraint from future posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT FIVE
### (FAILURE TO REMEDY – DEFAMATION)

13.    Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

14.    Defendants ARCHDIOCESE, CHURCH, SR. HELENE, DEACON JOE, MARGARET DAMES, PASTOR JOE and/or STS have refused to properly address the issues raised by

Plaintiffs and by expelling S.P. and K.P., and the remaining Defendants, including STS faculty, parents and former students in posting, commenting and/or drafting the aforementioned Petition have written false facts and information about Plaintiffs, including the minor children which have disparaged them and placed them in an unfavorable light.

15.    This Petition was published and remains on-line and contained the STS logo and the Press Releases were published and remain on the ARCHDIOCESE website;

16.    As a direct and proximate result of these false and disparaging statements and the defamatory and slanderous conduct of the defendants, Plaintiffs have suffered and continues to suffer emotional injuries of a temporary and permanent nature.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants for Defamation and Slander, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, sanctions, public correction of facts, restraint from future false posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

<u>**COUNT SIX**</u>
**(DEFAMATION)**

17.    Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

18.    Defendants ARCHDIOCESE, CHURCH, SR. HELENE, DEACON JOE, PASTOR JOE, CYO Director DONOVAN, JAMES GOODNESS and/or STS have refused to properly address the issues raised by Plaintiffs, and/or have publicized private information about Plaintiffs SCOTT PHILLIPS, and his wife, including a threat of violence against her by CYO Director DONOVAN, and including the aforementioned Press Releases and notices and the remaining Defendants, including STS faculty in posting, commenting and/or drafting the aforementioned Petition have written false facts and information about Plaintiffs, including the minor children which have disparaged them and placed them in an unfavorable light.

22

19.     This Petition with the STS LOGO and Press Releases were published by Defendants and remain on the Internet and ARCHDIOCESE website.

20.     As a direct and proximate result of these false and disparaging statements and the defamatory and slanderous conduct of the defendants aforesaid, Plaintiff has suffered and continues to suffer emotional injuries of a temporary and permanent nature.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants for Defamation, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, restraint from future false posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT SEVEN
## (EXPULSION - BREACH OF CONTRACT)

21.     Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

22.     Defendants ARCHDIOCESE, CARDINAL TOBIN, CHURCH, SR. HELENE, PASTOR JOE, DEACON JOE, MARGARET DAMES and/or STS improperly and wrongfully expelled S.P. and K.P. (who was not a Plaintiff in the action at this time in February 2017) and again in April 2017 in retaliation for filing the Verified Complaint and are in breach of contract of the STS Handbook and this provision is against public policy.

23.     As a direct and proximate result of this conduct of the defendants aforesaid, Plaintiff has suffered and continues to suffer emotional injuries of a temporary and permanent nature.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants for Breach of Contract, Specific Performance in Ruling this Provision is Against Public Policy, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, restraint from future false posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

23

## COUNT EIGHT
### (FRAUD)

24.     Plaintiffs reassert and incorporate by reference Paragraphs 1 through 1117 as if fully set forth herein.

25.     Defendants ARCHDIOCESE, CHURCH, STS as employers of CYO Director DONOVAN and/or AD BUI and CYO Director DONOVAN and/or AD BUI, individually provided false sworn testimony, acted in bad faith and perpetrated a fraud on the trial court in an effort to prevent S.P. from playing basketball.

26.     As a direct and proximate result of this false swearing, bad faith and fraudulent conduct of the Defendants aforesaid, Plaintiff has suffered and continues to suffer emotional injuries and damages of a temporary and permanent nature.

    **WHEREFORE**, the Plaintiffs demand judgment against Defendants for Fraud, individually and jointly, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, restraint from future false posting, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT NINE
### NEGLIGENCE, NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiffs allege and incorporate the allegations set forth in paragraphs 1 through 117 above.

28.     Defendants ARCHDIOCESE, CARDIAL TOBIN, PASTOR JOE, DEACON JOE, SR. HELENE, SR. JULIETT, MARGARET DAMES and/or STS owed a duty of care to S.P. to provide a safe learning environment free from sexual harassment, harassment, intimidation and bullying.

29.     Defendants breached their duty of care by failing to protect S.P. from harm, both known and foreseeable, by failing to respond to facts they observed and about which they were aware and told concerning the bullying of S.P. on School property, on the internet, during school hours, by failing adequately to supervise the individual Defendants, including STS parents and faculty on School property and during School hours, and at STS functions.

30.     Defendants breached their duty of care by failing adequately to discipline harassers of S.P. and prevent ongoing harassment and bullying of S.P.

31.     This failure and continued institutional bullying also caused Plaintiffs emotional distress.

32.     Defendants breached their duty of care by choosing to protect STS' reputation instead of providing S.P. with a safe educational environment.

        **WHEREFORE**, the Plaintiffs demand judgment against Defendants for Negligence and Negligent and Intentional Infliction of Emotional Distress, including all reliefs requested, jointly and severally, including monetary damages, punitive damages, public correction of facts, counsel fees and costs of suit, and such other relief as this Court deems appropriate and just.

## COUNT TEN CONSUMER FRAUD

33.     Plaintiffs reassert and incorporate by reference Paragraphs 1 through 117 as if fully set forth herein.

34.     Defendants PASTOR JOE, DEACON JOE, SR. HELENE, SR. JULIETT, MARGARET DAMES, ARCHDIOCESE, CARDINAL TOBIN and/or STS were obligated to apply the STS Handbook and policies in a manner that is not arbitrary, unreasonable or capricious.

35.     Under the Consumer Fraud Act, Defendants are each a "person." and the private educational services they promoted and sold via tuition constitute " merchandise."

36.     Defendants by failing to abide by its own STS Handbook provisions in an evenhanded manner and by their unconscionable commercial practices, deception, false pretenses, false

25

promises and misrepresentations violated the Consumer Fraud Act, including by failing to abide by their obligations to: (1) provide S.P. with a safe and orderly learning environment; (2) provide S.P. with a learning environment that is free from sexual harassment, harassment, intimidation, cyberbullying and bullying; (3) take responsive actions to protect S.P, including actions against faculty and parents.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants including all reliefs requested, jointly and severally, including treble damages, and costs of suit, and such other relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury as to all issues triable.

## TRIAL DESIGNATION

The undersigned is designated as trial counsel pursuant to R. 4: 25-4

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-2, Plaintiffs hereby demand that defendants provide certified answers to Form C and C (1) Interrogatories within the time period prescribed by the Rules of Court.

## RULE 4: 5-1 CERTIFICATION

1. I certify that the matter in controversy is not the subject of any other action pending in any court except an appeal under docket number A-004687-17.

2. I further certify that the plaintiffs are unaware of any other parties who should be joined in the within action other than those named herein.

3. I further certify that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7.

Dated:    6/29/18

_____
SUSAN B. MCCREA, ESQ.
Attorney for Plaintiffs

27