UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | **Martin Luther King Federal**<br>**Building & U.S. Courthouse**<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

May 8, 2023

To: All counsel of record

**LETTER OPINION AND ORDER**

Re:   *Scott Phillips, On Behalf of Himself and as Guardian Ad Litem*
      *B.P. and K.P. v. Archdiocese of Newark, St. Theresa School, St. Theresa Church et al.*,
      **Civil Action No. 18-12207 (MCA) (LDW)**

Dear Counsel:

Before the Court is a motion to quash, in whole or in part, plaintiff's subpoenas to ten third-party agencies and charitable institutions, filed by defendants Roman Catholic Archdiocese of Newark ("Archdiocese"), St. Theresa's R.C. Church, Joseph Tobin, Thomas Nydegger, Margaret Dames, James Goodness, Joseph Bejgrowicz, Joseph Caporaso, Helene Godin, Richard Donovan and Anh Bui (collectively, the "Archdiocese Defendants"). (ECF No. 127). Plaintiff Scott Phillips, by his counsel, opposes the motion. (ECF No. 133). Oral argument of the motion was held on March 22, 2023 and April 14, 2023. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

BACKGROUND

The Court assumes familiarity with the background of this action and writes primarily for the parties. Briefly, plaintiff claimed that the Archdiocese Defendants violated Title IX of the Education Amendments Act ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*, by, *inter alia*, prohibiting his daughter S.P. from playing on St. Theresa's School's ("STS") boys basketball team when there was no comparable girls' team for her age group and skill level. (*See* Complaint ¶¶ 35-66, Count One at 19, ECF No. 1). The Court, following the completion of discovery on this claim, granted summary judgment to the Archdiocese Defendants as to the Title IX claim, finding that plaintiff failed to provide proof that these defendants received federal funding that would subject them to the requirements of Title IX. (ECF No. 103). The sole federal claim in the Complaint having been dismissed, the Court remanded the action with the remaining state law claims to the Superior Court of New Jersey, where it continues to be litigated. (*Id.*).

Plaintiff appealed the Court's summary judgment decision to the United States Court of Appeals for the Third Circuit. (ECF No. 106). During briefing of the appeal, plaintiff/appellant

filed a motion for leave to file a supplemental appendix. (3d Cir. Dkt 55). Plaintiff's motion sought to have judicial notice taken of information plaintiff located on a federal funding website indicating that the Archdiocese, contrary to its denial of receiving federal funding in responses to plaintiff's interrogatories, may have "received hundreds of thousands of dollars in the 2016-2018 relevant time period from the Department of Agriculture which appears to be related to School Lunches." (*Id*. at 4; *see* Phillips Affidavit ¶ 14, *id*. at 18). Plaintiff attached as an exhibit to the motion a five-page printout from the website. (*Id*. at 19-23). The first page of that exhibit is illegible; the most that can be discerned from it when enlarged to double its size from the Circuit's docket is that it contains some lines with the words "Catholic Charities." (*See id*. at 19). The subsequent four pages of the exhibit contain legible entries ostensibly showing monetary grants to the Archdiocese from the New Jersey Department of Agriculture. (*See id*. at 20-23).

The Circuit construed plaintiff's motion as one seeking to expand the record on appeal or, alternatively, to remand for additional fact-finding. (ECF No. 112). It denied the former and granted the latter, finding that "the additional documentation to which Appellant points raises sufficiently significant issues for the District Court's disposition of the case." (*Id*. at 1). The Circuit therefore vacated this Court's Order granting summary judgment and "remanded for additional fact-finding." (*Id*. at 2).

This Court, as part of the additional fact-finding on remand, permitted plaintiff to serve subpoenas to pursue further the information he had presented to the Circuit indicating that the Archdiocese's representations as to federal funding had been inaccurate. (*See* ECF Nos. 117, 121). Plaintiff then served subpoenas upon the following agencies: (1) New Jersey Department of Agriculture (ECF No. 127-13); (2) US Department of Agriculture (ECF No. 127-20); (3) New Jersey Department of Human Services (ECF No. 127-14); (4) New Jersey Department of Health (ECF No. 127-15); (5) New Jersey Department of Community Affairs (ECF No. 127-16); (6) Lutheran Immigration and Refugee Service (ECF No. 127-17); (7) International Rescue Committee (ECF No. 127-18); (8) Catholic Charities USA (ECF No. 127-19); (9) US Department of Housing and Urban Development ("HUD") (ECF No. 127-21); and (10) US Department of Health and Human Services (ECF No. 127-22). These subpoenas are the subject of the instant motion to quash.

## DISCUSSION

The outcome of the motion to quash turns upon the appropriate scope of discovery on this fact-finding remand. The Archdiocese Defendants argue that the ten subpoenas plaintiff has served are either partially or entirely outside the scope of discovery. (*See* ECF No. 127). They contend that discovery should be limited to the theory plaintiff successfully presented to the Circuit – *i.e.*, that the Archdiocese may have received funding for school lunches that may subject it to the jurisdiction of Title IX. (*Id*. at 6-7, 12-13). To that extent, they do not challenge plaintiff's subpoenas to the State and Federal Departments of Agriculture seeking further information as to any grants to the Archdiocese within the relevant period of 2016-2018.[1] The Archdiocese

---

[1] Counsel for the moving defendants represented on the record during the April 14, 2023 oral argument before the undersigned that defendants do not object to the subpoena issued to the New Jersey Department of Agriculture to the extent that it seeks information concerning any

Defendants do, however, challenge plaintiff's service of subpoenas on eight other government agencies and private organizations as unrelated to the additional fact-finding for which the Circuit remanded this action.

Plaintiff's argument in response is not entirely clear to the Court. Plaintiff initially argued that his subpoenas seeking information beyond school lunch funding are relevant because they are based on information he presented to the Circuit in obtaining this fact-finding remand. (*See* ECF No. 133 at 2) ("[T]he subpoenas issued by Plaintiffs in this matter, **are to all of the entities** listed in Exhibit A to Plaintiff's Motion, which were submitted to the Third Circuit in support of this motion. There is nothing additional." (emphasis in original)). But oral argument revealed that this representation relied upon plaintiff's counsel's factual assertion that the blurry and illegible first page of the exhibit she submitted to the Circuit from the federal spending website contained information relating to all of the subpoenaed entities. After questioning by the Court at oral argument in March, which led to two subsequent written submissions from plaintiff (ECF Nos. 145, 148), plaintiff's counsel acknowledged that this factual assertion had been incorrect; plaintiff had never submitted anything to the Circuit mentioning these agencies (at least nothing that was legible).[2] Having implicitly withdrawn this argument as to relevance, plaintiff now seems to argue that the scope of all the subpoenas is proper because if the Court were to conduct its own search on the federal spending website, it would presumably find some evidence of relevance that has not been explained in plaintiff's three written submissions and two oral arguments. (*See* ECF Nos. 145, 148).

1. The Proper Scope of Discovery on This Limited Remand

In determining the appropriate scope of relevance on this motion, the Court first considers the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 45 permits the service of subpoenas upon third parties commanding them to "produce designated documents, electronically stored information, or tangible things in [their] possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii); *see Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*, Civ. A. No. 20-11050 (CPO)(MJS), 2022 WL 2191519, at *2 (D.N.J. June 17, 2022). The Court is authorized to quash or modify such a subpoena where it requires "disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The Court may also quash or modify subpoenas "that fall outside of the scope of permissible discovery." *Korotki*, 2022 WL 2191519, at *2 (citing *Schmulovich v. 1161 Rt. 9 LLC*, Civ. A. No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)). The permissible scope of a third-party subpoena is set by Federal Rule of Civil Procedure 26. *See id.* at n.2 ("Although a party is permitted to seek documentary evidence from a third party through the issuance of a Rule 45 subpoena, the court may limit a party's use of a subpoena if it determines that the discovery is 'outside the scope permitted by Rule 26(b)(1).'") (source of quotation omitted)). Under Rule 26(b)(1), parties may

---

federal financial assistance that could have been passed through the state to the Archdiocese for school lunch purposes within the relevant period of 2016-2018.

[2]   In her subsequent submission to the Court, plaintiff's counsel acknowledged that "not all 105 grants" were in fact submitted to the Circuit. (ECF No. 145). Apparently, plaintiff's counsel assumed that this was sufficient compliance with the Court's Order of March 22, 2023 to provide to the Court a legible version of the exhibit (ECF No. 144), something she failed to do.

discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). While the scope of discovery under Rule 26(b)(1) is "unquestionably broad," the right is "not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Such limitation may be particularly appropriate in the context of third-party subpoenas, as "the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Burgess v. Galloway*, et al., Civ. A. No. 20-06744(FLW)(DEA), 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (quoting *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990); *see also Chazanow v. Sussex Bank*, 2014 WL 2965697 *2 (D.N.J. July 1, 2014) (affording non-party greater protection from discovery).

The "precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action." *E.E.O.C. v. FAPS, Inc.*, Civ. A. No. 10-3095(PGS), 2012 WL 1656738, at *23 (D.N.J. May 10, 2012). As with most discovery issues, the determination of those boundaries is committed to the sound discretion of the Court. *See In re: Riddell Concussion Reduction Litig.*, Civ. A. No. 13-7585 (JBS) (JS), 2016 WL 4119807, at *2 (D.N.J. July 7, 2016). The Court regards the Circuit's Judgment Order of July 18, 2022 as having set the scope of this fact-finding remand. While the Circuit did not specify what additional fact-finding should be permitted, it did find that plaintiff/appellant's motion had raised "significant issues" that might impact the determination of whether there was federal funding of the Archdiocese sufficient to support a Title IX claim. The only information plaintiff had submitted to the Circuit on that motion purported to demonstrate that the Archdiocese may have received school lunch funding, contrary to its previous representations that it received no federal funding. (*See* 3d Cir. Dkt 55 at 4) (noting the Archdiocese may have "received hundreds of thousands of dollars in the 2016-2018 relevant time period from the Department of Agriculture which appears to be related to School Lunches"). The supporting exhibit's four legible pages were printouts from a website seeming to show grants to the Archdiocese from the New Jersey Department of Agriculture. (*Id.* at 20-23). In this Court's considered view, this is what sets the bounds of relevant and proportional discovery in these remanded proceedings. Therefore, plaintiff should be permitted to serve subpoenas targeting whether the Archdiocese received school lunch funding.

Plaintiff has presented nothing on this motion to justify expanding the additional fact-finding beyond that scope. He has submitted nothing further to the Court from his public internet searches or other sources demonstrating that the Archdiocese receives funding from sources other than the Departments of Agriculture that would impact Title IX jurisdiction. (*See, e.g.*, ECF No. 148 at 3-11) (supplemental submission from plaintiff attaching photographs of a computer screen displaying federal spending webpage showing grants to the Archdiocese from Department of Agriculture that were already of record).

Thus, the Court views eight of the ten subpoenas plaintiff served as constituting nothing more than the proverbial fishing expedition. These subpoenas would likely not be appropriate for plenary discovery in the first instance, much less on a limited fact-finding remand from the Circuit after plaintiff was afforded plenary discovery on Title IX funding prior to appeal. (*See* ECF Nos. 69, 89). Having determined the appropriate scope of discovery under Rule 26, the Court proceeds to apply that scope to each of the subpoenas at issue.

    2.    Rulings On Motion To Quash Subpoenas

        A.    Subpoenas to the State and Federal Departments of Agriculture

Plaintiff has served subpoenas upon these two agencies. The subpoena to the New Jersey Department of Agriculture seeks information pertaining to a list of grants in an exhibit attached to the subpoena. (*See* ECF No. 127-13). The exhibit includes grants from that Department to the Archdiocese. Plaintiff posits that although the subpoena is addressed to a state rather than federal agency, it may provide evidence of federal lunch funding. (Plaintiff hypothesizes plausibly that the state agency may be a conduit for federal funding.). As noted above, the Archdiocese advised the Court during oral argument that it does not object to this subpoena to that extent, although it objects to the breadth of the subpoena. The Court agrees that this subpoena seeks relevant information within the scope of Rule 26. The subpoena seeks information relating to the substance of the motion to the Circuit that resulted in remand – namely, information that may show government grant monies to the Archdiocese for school lunches. However, the subpoena is quashed in part to the extent it seeks information outside of the relevant time period of 2016 to 2018.[3]

The Court's conclusion would be the same with respect to the subpoena to the United States Department of Agriculture, but for one important difference from the state subpoena: the federal subpoena lacks an exhibit listing what information it seeks. (*See* ECF No. 127-20). If the exhibit was omitted from the subpoena served on the federal agency, then the subpoena is quashed as unintelligible in its current form and may be re-served with the same exhibit attached to the subpoena to the NJ Department of Agriculture. *See Korotki*, 2022 WL 2191519, at *8 ("It is for Plaintiffs – not this Court – to redraft the subpoena so that all of its provisions state precisely and specifically the documents the plaintiffs seek") (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53-54 (S.D.N.Y. 1996)).

The Court further finds that the Departments of Agriculture may be requested to provide information as to any grants on the exhibit annexed to the state subpoena that were made to "Catholic Charities of the Archdiocese of Newark" for the period of 2016 through 2018. The Court allows this expansion beyond the exhibit plaintiffs submitted in their motion to the Circuit in an abundance of caution. The District Court, in its decision granting summary judgment to defendants on Title IX, found that federal funding to Catholic Charities for housing/homelessness programs was "highly attenuated from STS's and the Archdiocese's educational programs at issue here," "[e]ven assuming that the Archdiocese and Catholic Charities are one entity." (ECF No. 103 at 4-5). To the extent that the District Court in a subsequent adjudication of Title IX jurisdiction might consider evidence of school lunch funding to Catholic Charities sufficiently related to educational programs offered by STS and the Archdiocese to impact its ruling, the undersigned finds that it may be relevant and is sufficiently targeted to be proportional under Rule 26. Only grants to Catholic Charities as listed in Exhibit A of ECF No. 127-13 for the years 2016 to 2018 may be pursued in the Departments of Agriculture subpoenas.

---

[3]    Plaintiff concedes that is the relevant time period. (ECF No. 133 at 8).

B. Subpoena to US Department of Housing and Urban Development

The Court does not find this subpoena to seek relevant and proportional discovery. Plaintiff mentioned nothing about grants from this agency in its motion to the Circuit. Plaintiff has presented no argument as to its relevance. And the District Court found in its summary judgment opinion that evidence as to receipt by the defendants of funding for housing/homelessness programs were unrelated to the Title IX determination. (ECF 103 at 5). Moreover, the subpoena was served on HUD without an exhibit identifying the information sought, making it impossible for HUD to respond. (*See* ECF 127-21; ECF 140). For all of these reasons, the subpoena is quashed.

C. Catholic Charities USA

The subpoena to Catholic Charities USA (ECF No. 127-19) also lacks an exhibit identifying what information is sought from this entity, rendering it unintelligible. It is therefore quashed.

D. The Remaining Subpoenas

Plaintiff has not demonstrated that the remaining subpoenas are within the scope of this limited fact-finding remand. These are subpoenas that were served upon the New Jersey Department of Human Services, New Jersey Department of Health, New Jersey Department of Community Affairs, Lutheran Immigration and Refugee Service, International Rescue Committee and US Department of Health and Human Services. None of these entities was mentioned in plaintiff's motion to the Circuit resulting in this remand. Nor has plaintiff explained to the Court's satisfaction the relevance and proportionality of these subpoenas within the scope of this fact-finding remand. Plaintiff's counsel merely has claimed that the names of these agencies appear when her clients perform searches on the federal spending website; this is not sufficient reason to unduly burden third parties with a subpoena under the strictures of Fed. R. Civ. P. 45. Moreover, many of these subpoenas also lack an exhibit identifying the information sought from the subpoenaed entities. For all of these reasons, these subpoenas are quashed in their entirety.

ORDER

For the foregoing reasons, the Court orders as follows:

Defendants' motion to quash the subpoena to the New Jersey Department of Agriculture is GRANTED IN PART AND DENIED IN PART to the extent set forth in the accompanying Opinion;

Defendants' motion to quash the subpoena to the United States Department of Agriculture is GRANTED WITHOUT PREJUDICE to re-serving a subpoena upon that agency that is consistent with the accompanying Opinion; and

Defendants' motion to quash the subpoenas to the United States Department of Housing and Urban Development, Catholic Charities, New Jersey Department of Human Services, New

Jersey Department of Health, New Jersey Department of Community Affairs, Lutheran Immigration and Refugee Service, International Rescue Committee and US Department of Health and Human Services are GRANTED.

*s/ Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig:  Clerk
cc:    Hon. Madeline Cox Arleo, U.S.D.J.
       Counsel of Record