**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

June 21, 2023

To:   All counsel of record

**LETTER OPINION**

Re:   *Scott Phillips, On Behalf of Himself and as Guardian Ad Litem*
*B.P. and K.P. v. Archdiocese of Newark, St. Theresa School, St. Theresa Church et al.,*
**Civil Action No. 18-12207 (MCA) (LDW)**

Dear Counsel:

Before the Court is plaintiff's Motion for Reconsideration of the May 8, 2023 Opinion and Order of the undersigned granting in part and denying in part defendants' motion to quash plaintiff's subpoenas. (ECF No. 152). Defendants Roman Catholic Archdiocese of Newark ("Archdiocese"), St. Theresa's R.C. Church, Joseph Tobin, Thomas Nydegger, Margaret Dames, James Goodness, Joseph Bejgrowicz, Joseph Caporaso, Helene Godin, Richard Donovan and Anh Bui (collectively, the "Archdiocese Defendants") oppose the motion. (ECF No. 155). For the reasons set forth below, plaintiff's Motion for Reconsideration is DENIED.

The Court presumes familiarity with the history of this long-litigated action and includes herein only background relevant to the instant motion. At issue on this reconsideration motion is the Court's May 8, 2023 Opinion and Order. (ECF No. 150). That Order, issued following the undersigned's consideration of the parties' several written submissions and two oral arguments held on March 22, 2023 and April 14, 2023, granted in part and denied in part the Archdiocese Defendants' Motion to Quash plaintiff's subpoenas to ten third-party agencies and charitable institutions. (*Id.*). The Court set forth its view that eight of the ten subpoenas were outside the scope of discovery appropriate on this limited fact-finding remand from the Third Circuit Court of Appeals. (*Id.*). In light of the information plaintiff/appellant submitted to the Circuit purporting to demonstrate that the Archdiocese may have received school lunch funding sufficient to support Title IX jurisdiction, which resulted in this remand, the Court permitted plaintiff to serve his subpoenas targeting that issue. (*Id.*).

Plaintiff now seeks reversal of that discovery decision by means of this motion for reconsideration "pursuant to Federal Rule of Civil Procedure 59(e)." (ECF No. 152 at 1). That Rule governs motions to alter or amend a judgment, not discovery decisions like the one at issue here. *See In re Martin & Harris Priv. Ltd.*, Civ. A. No. 20-17070 (MCA) (MAH), 2022 WL 3040948, at *3 n.2 (D.N.J. Aug. 2, 2022) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669,

677 (3d Cir. 1999)).  The Court will instead consider Plaintiff's motion under Local Civil Rule 7.1(i), which governs motions for reconsideration in this District.  *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Local Civil Rule 7.1(i) provides in relevant part that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."  "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)).  Reconsideration is "an extraordinary remedy" and is to be granted "very sparingly." *Mathieux v. Bally's Atl. City*, Civ. No. 05-3551 (JEI), 2006 WL 3833590, at *1 (D.N.J. Dec. 29, 2006).  Accordingly, reconsideration motions "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  Nor will such motions be granted where "the only apparent purpose for filing the motion is to assert the reasons why the moving party disagrees with the court's decision."  *Id.*

Plaintiff contends that the Court "overlooked the fact that discovery was sought from the Church Defendants well beyond school lunches" and, therefore, that he is "entitled to inquire as to all Federal Funding received."  (ECF No. 153 at 1).  Plaintiff argues that the Court erred in quashing eight of his ten third-party subpoenas because they were "prepared with information listed on the [federal spending] website" and because "the Federal Rules of Civil Procedure (FRCP) allow broad and liberal discovery."  (*Id.* at 2-3).  He further argues that "because an entity may receive federal financial assistance indirectly and still be considered a recipient for purposes of Title IX," the Court should permit him to "subpoena all information regarding Federal Funding with respect to the awards identified on the website."  (*Id.* 4-7).

Plaintiff has failed to satisfy his burden of demonstrating that "facts or controlling legal authority were presented to, but not considered by, the court."  *Skoorka v. Kean Univ.*, Civ. No. 09-3428, 2014 WL 59744, at *1 (D.N.J. Jan. 6, 2014).  Instead, each argument submitted on the instant motion is a reiteration of those previously raised, almost verbatim, in opposition to the Archdiocese Defendants' Motion to Quash.  (*Compare* ECF No. 153 *with* ECF Nos. 133 and 151).  The Court carefully considered and expressly addressed each of Plaintiff's contentions during two oral arguments and in its Opinion on the original discovery motion and will not now entertain such arguments anew merely because Plaintiff disagrees with the Court's decision. (ECF No. 150).  *See Tehan*, 111 F. Supp. 2d at 549; *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

In sum, plaintiff having proffered no new facts or argument warranting reconsideration, and for the reasons set forth in its May 8, 2023 Opinion, the Archdiocese Defendants' Motion to Quash was properly granted in part and denied in part.  Plaintiff's Motion for Reconsideration is therefore DENIED.  An appropriate Order will follow.

It is **SO ORDERED**.

                                         *s/ Leda Dunn Wettre*
                                         Hon. Leda Dunn Wettre
                                         United States Magistrate Judge

Orig:   Clerk
cc:     Counsel of Record